## Hipple Estate

*Theodore O. Rogers*, for accountants.

MacELREE, P. J., March 12, 1960:—Decedent, a married man leaving to survive him a spouse and issue, died December 1, 1958, leaving a will dated

August 4, 1956, which was duly probated and upon which letters testamentary were granted December 9, 1958, to H. F. Troutman as executor.

The said H. F. Troutman died November 30, 1959, prior to his having filed any account of his administration.

Thereafter on December 15, 1959, letters of administration d. b. n. c. t. a. were granted by the Register of Wills of Chester County, to Theodore O. Rogers.

While not so stated in the petition for adjudication, an examination of the record discloses that letters testamentary on the estate of H. F. Troutman, deceased, had been duly granted on December 4, 1959, to Theodore O. Rogers and Provident Tradesmens Bank and Trust Company . . .

In this estate a procedural question arises never heretofore submitted to this court.

Statutory and customary procedure under the circumstances as recited would have been first for an account to be filed of H. F. Troutman's partial administration, stated by his personal representatives, and either praying for or showing distribution to the administrator d. b. n. c. t. a. of any unadministered balance, followed in due course by an accounting on behalf of the administrator d. b. n. c. t. a.

However, the within account as captioned purports to set forth in one account such administration of decedent's estate as has been accomplished by H. F. Troutman, executor, during his lifetime and the further administration, completing the same, by the administrator d. b. n. c. t. a.

Such a statement of successive administrations combined in one account appears to this court to be without statutory authority.

Section 514 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, 20 PS §320.514, provides:

"The personal representative of a deceased fiduciary by reason of his position shall not succeed to the administration of, or have the right to possess, any asset of an estate which was being administered by his decedent, except to protect it pending its delivery to the person entitled to it. The account of the deceased fiduciary may be filed by his personal representative and it shall be filed if the court shall so direct. The court *may* direct the personal representative of a deceased fiduciary to make distribution and to make the transfers and assignments necessary to carry into effect a decree of distribution."

The comment concerning section 514 suggests that there is no statutory precedent for it except section 3 (*b*) of the 1917 Act, which states that an executor of a deceased executor " ' shall in no case be deemed executor of the first testator.' "

The comment further suggests: "It is contemplated that where administration of the estate is not complete, the personal representative of the deceased personal representative can deliver assets immediately to the succeeding personal representative *and include a distribution account in his subsequent accounting* showing delivery of such assets to the succeeding personal representative."

The same comment suggests: "When administration is complete, the account can show the retention of the assets and transfer can be made to the parties in interest entitled to distribution without the appointment of a succeeding personal representative."

Section 517 of the Fiduciaries Act, above noted, 20 PS §320.517, provides:

"An administrator de bonis non, with or without a will annexed, shall have the power to recover the assets of the estate from his predecessor in administration or from the personal representative of such predecessor

and, except as the will shall provide otherwise, shall stand in his predecessor's stead for all purposes, except that he shall not be personally liable for the acts of his predecessor."

The accounting in this matter discloses that the administration of decedent's estate had not been completed by the now deceased personal representative of decedent. Had it been completed, this court could properly direct, under the provisions of section 514 of the Fiduciaries Act, *the personal representatives of the deceased fiduciary to make the transfers and assignments necessary to carry into effect a decree of distribution.*

Such a procedure was intended to obviate any necessity for the appointment of an administrator d. b. n. c. t. a.

Here, however, an administrator d. b. n. c. t. a. has been duly appointed.

The statement of successive administrations combined in one account appears to this court to be without any reported precedent.

It appears from an examination of the petition for adjudication that all the parties in interest are sui juris and that there are no creditors or other persons as claimants against the balance for distribution remaining in the hands of the personal representatives of the deceased fiduciary, one of whom is the administrator d. b. n. c. t. a., and the same statement applies to the funds in the hands of said administrator d. b. n. c. t. a.

This court is reluctant to delay distribution under such circumstances and/or to impose additional burdens upon the personal representatives of the deceased fiduciary or upon the administrator d. b. n. c. t. a.

This court is indebted to counsel for the accountant in having called to its attention Pugh Estate, 18 Phila.

15, decided in 1886 by Judge Penrose, in which he stated:

"The exceptions here are upon grounds purely formal. They raise the question whether the accountant, who is also the administrator of the former executor and trustee, should not, in that capacity, have filed the account of his predecessor, instead of, as he has done, that of himself as administrator *d. b. n. c. t. a.* of the original decedent. Undoubtedly, that would have been, technically, the correct method of proceeding; but it would, perhaps, have involved the necessity for two accounts instead of one, and it is conceded that, in the end, the fund would have to go to precisely the same persons to whom, without this circuity, it is now awarded.

"The tendency of modern decisions is not in favor of adherence to form where substantial justice may be accomplished without it: (citing case). 'Where the essential requisites of a judicial proceeding are shown to have been complied with, the law will not annul it for failure of directory formalities.' (citing case)."

Section 2, Rule 1, of the Supreme Court Orphans' Court Rules provides, inter alia: "The court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties in interest."

Under the circumstances existing this court is of opinion that the procedure followed here by the joint accountants does not affect the substantial rights of the parties in interest.

By so holding this court does not intend to approve a statement of successive administrations combined in one account as a general practice in lieu of the provisions of section 514 and section 517 of the Fiduciaries Act of 1949, as amended, nor of relieving per-

sonal representatives from the duty imposed upon them by section 701 of the Fiduciaries Act.

In view of the fact that the fund for distribution goes to precisely the same persons to whom it would go if successive separate accountings had been filed, and for the reasons assigned by the late Judge Penrose in the Pugh Estate, there being no exceptions to the account, it is confirmed...